NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 11 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALWAYS SMILING PRODUCTIONS, LLC, a California limited liability corporation,

        Plaintiff-Appellant,

  v.

CHUBB NATIONAL INSURANCE COMPANY, an Indiana corporation,

        Defendant-Appellee.

No. 22-55915

D.C. No. 2:21-cv-05990-FMO-KS

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

Submission Deferred September 7, 2023
Submitted July 9, 2024[**]
Pasadena, California

Before: GRABER, MENDOZA, and DESAI, Circuit Judges.

Plaintiff, Always Smiling Productions LLC, a corporation that produces a

television series, timely appeals the district court's judgment on the pleadings in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

favor of Defendant, Chubb National Insurance Company, an insurance provider. Plaintiff asserts several claims for breach of contract regarding Defendant's denial of coverage for losses that Plaintiff incurred from COVID-19-related disruptions and delays in the production of its television show. Plaintiff also contends that the district court should have allowed Plaintiff to present extrinsic evidence before granting Defendant's motion and should have granted leave to amend.

We review de novo a district court's order on a motion for judgment on the pleadings. Herrera v. Zumiez, Inc., 953 F.3d 1063, 1068 (9th Cir. 2020). We review for abuse of discretion denial of leave to amend, but we review de novo the futility of amendment. Cohen v. ConAgra Brands, Inc., 16 F.4th 1283, 1287 (9th Cir. 2021). We affirm.

1. The district court correctly held that Plaintiff did not allege covered losses under the policy's imminent-peril provision. Coverage under that provision is triggered only if imminent direct physical loss or damage at a location caused Plaintiff to incur costs to protect property or people, or to experience impaired production. Because "allegations of the actual or potential presence of COVID-19 on an insured's premises do not, without more, establish direct physical loss or damage to property," Another Planet Ent., LLC v. Vigilant Ins. Co., 548 P.3d 303, 307 (Cal. 2024), Plaintiff failed to allege covered losses on the ground that the COVID-19 virus threatened imminent direct physical loss or damage to property,

2

see id. (holding that, under California law, "direct physical loss or damage to property requires a distinct, demonstrable, physical alteration to property").

2. The district court correctly held that Plaintiff failed to allege covered losses under the policy's civil-authority provision. Plaintiff seeks coverage under the provision for "costs to restart production and for COVID-19 related safety protocols." But the provision requires Plaintiff to allege that a civil or military authority revoked its permission to use, or prohibited its access to, properties or facilities used in an insured production, and Plaintiff does not do so. In addition, although civil authorities issued orders in March 2020 that prohibited Plaintiff's access to properties or facilities used in Plaintiff's insured production, Defendant already paid Plaintiff the full coverage limit for losses associated with the March 2020 shutdown.

3. The district court correctly held that the loss-or-damage condition did not provide coverage to Plaintiff. The condition applies only "in the event of loss or damage." As described above, Plaintiff has not alleged any covered loss or damage resulting from COVID-19.

4. The district court correctly held that Plaintiff was not entitled to coverage under the due-diligence condition. By the policy's plain text, the condition does not provide an independent grant of coverage; rather, it is a prerequisite to coverage.

3

5. The district court properly dismissed Plaintiff's claim that Defendant breached the policy by failing to provide coverage beyond the policy's stated policy period. The policy explicitly states that the policy period spanned November 7, 2019, to November 7, 2020. The policy also contains non-renewal provisions that expressly permit Defendant to choose not to renew and provide for a notice period of between 60 and 120 days before the policy's expiration. Defendant complied with those non-renewal provisions and notified Plaintiff of its decision not to renew within the proper timeframe.

In light of the policy's unambiguous wording, Plaintiff's argument that Defendant did not act in accordance with custom and practice is unavailing because we do not consider that evidence. See Producers Dairy Delivery Co. v. Sentry Ins. Co., 718 P.2d 920, 913 (Cal. 1986) (stating that a court may only consider extrinsic evidence "when it is relevant to prove a meaning to which the language of the instrument is reasonably susceptible" (citation and internal quotation marks omitted)).

6. The district court also properly dismissed Plaintiff's bad-faith claim. Plaintiff premises that claim on the same allegations that support its other claims of breach of contract, which the district court properly rejected. See Waller v. Truck Ins. Exch., Inc., 900 P.2d 619, 638 (Cal. 1995) (explaining that, "because a

4

contractual obligation is the underpinning of a bad faith claim, such a claim cannot be maintained unless policy benefits are due under the contract").

7. The district court properly granted Defendant's motion for judgment on the pleadings without considering extrinsic evidence that Plaintiff asserted it would obtain through discovery. Where, as here, a court considers a contract's wording and concludes that it is reasonably susceptible to only one interpretation, extrinsic evidence is irrelevant. See Another Planet, 548 P.3d at 327 (stating that extrinsic evidence is "only relevant to the extent [it] tend[s] to prove a meaning of which the language of the policy is reasonably susceptible"); see also Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1017. n.11 (9th Cir. 2012) (upholding the district court's dismissal without discovery when the plaintiff asserted that extrinsic evidence made a contract ambiguous and stating that, under California law, a court "can find a contract unambiguous in a motion on the pleadings").

8. Finally, the district court did not abuse its discretion by denying Plaintiff leave to amend its complaint. We uphold the district court's denial of leave to amend because, upon de novo review, we conclude that the plain terms of the policy did not permit coverage for Plaintiff's COVID-19-related costs, and therefore amendment would be futile. See Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 893 (9th Cir. 2010) ("When the district court denies leave to amend because of futility of amendment, we will uphold such denial if it is clear, upon de

5

novo review, that the complaint would not be saved by any amendment." (citation and internal quotation marks omitted)).

**AFFIRMED.**[1]

---

[1] Plaintiff's motion for judicial notice, Docket No. 28, is denied as moot.